UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
TRENTON VICINAGE

MON CHERI BRIDALS, INC.,

        Plaintiff,

                            CIVIL ACTION NO. 04-1739 (AET)
v.                                 (consolidated with 05-5934 (AET))

WEN WU, individually, WEN WU d/b/a
JACQUELIN BRIDALS, WEN WU d/b/a
PRIVATE COLLECTION, WEN WU d/b/a
CHRISTINA WU, WEN WU d/b/a LABELLE
FASHIONS, WEN WU d/b/a TIFFANY
COLLECTION, and ABC Companies 1-10
(fictitious designations),

        Defendants.

**RECEIVED**

**JAN 1 4 2008**

AT 8:30_____M
WILLIAM T. WALSH
CLERK

## JOINT FINAL PRETRIAL ORDER

        The following shall constitute the Final Pretrial Order pursuant to Rule 16 of the Federal Rules of Civil Procedure, and this Final Pretrial Order shall govern the Conduct of the trial of this case. Amendments to this order will be allowed only in exceptional circumstances to prevent manifest injustice.

APPEARANCES:

Craig S. Hilliard                       Joseph F. Posillico
Stark & Stark, P.C.                 Synnestvedt & Lechner
993 Lenox Drive                     2600 Aramark Tower
Building 2                          1101 Market Street
Lawrenceville, NJ 08648        Philadelphia, PA 19107-2950
(609) 895-7346                   (215) 923-4466
Attorneys for Plaintiff         Attorneys for Defendants

### A.   Nature of the Action/Jurisdiction of the Court:

        This is an action seeking injunctive relief and damages based on allegations by Plaintiff that Defendants have infringed copyrights and trade dress rights alleged to be owned by plaintiff, Mon Cheri Bridals, Inc. ("Mon Cheri"), in certain social occasion dress designs. Mon Cheri also seeks damages for unfair competition under the Lanham Act and under state law for breach of contract.

Defendants have alleged that the alleged copyrights and trade dress rights are invalid, do not exist and/or are not infringed, and that there is no liability under the Lanham Act or under state law. The jurisdiction of the Court is premised upon a federal question, 28 U.S.C. §§1331 and 1338, in that the claims arise under the federal Copyright Act and the federal Lanham Act. This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §§1338 and 1367. Defendants contest personal jurisdiction and venue. Plaintiff maintains that venue is proper pursuant to 28 U.S.C. §1391(b)(1) and (b)(2).

**B.    Factual Contentions of Plaintiff (this section not to exceed 2 pages without leave of Court):**

1.    Mon Cheri is one of the largest manufacturers and wholesalers of wedding dresses and social occasion wear in the United States. Mon Cheri, through its creative design team, has developed many of the world's most unique and original wedding and social occasion dress patterns, and the company owns the copyrights in and to these designs.

2.    Mon Cheri's wedding and social occasion dress designs are non-functional and inherently distinctive and are protected from imitation by trademark law.

3.    Mon Cheri invests thousands of dollars each year on the advertising of its unique designs, and these designs have acquired a secondary meaning in that they have come to be associated with a single source of manufacture by both retail bridal and social occasion shops, and ultimate consumers.

4.    Defendant, Wen Wu ("Wu"), through various companies he owns and/or controls, is engaged in the business of selling and marketing bridal gowns and social occasion dresses under the trade names "Jacquelin Bridals", "Christina Wu", "LaBelle Fashions", and "Tiffany Designs", among others.

5.    Defendant, MDTW, Inc. ("MDTW"), is a Florida corporation which maintains a principal place of business at 14975 Technology Court, Ft. Myers, Florida. Wu is the registered agent of MDTW and is responsible for directing and overseeing the sales of dresses by MDTW. MDTW does business and/or has done business under at least the trade name "Private Collection".

6.    Bernie Kaitz ("Kaitz"), is the Northeast Sales Representative for defendant, Wen Wu and/or UWE, Formosa and MDTW, and in that capacity he is engaged in the business of brokering the sale of defendants' dresses to retailers in the Northeast, including throughout New Jersey.

7.    Wu, through the companies he owns and/or controls, including UWE, Formosa and MDTW, is a direct competitor of Mon Cheri. Wu is responsible for directing and overseeing the sales of dresses by all of his companies.

8.      A dispute arose between Mon Cheri and defendant, Wen Wu, several years ago concerning other dress designs.

9.      In or around August of 1998, Mon Cheri discovered from certain bridal gown retailers that Wen Wu's sales representatives were marketing Private Collection dresses.  Mon Cheri further discovered that Wen Wu used Mon Cheri advertising material, such as Mon Cheri photographs of the dresses, to market Private Collection dresses as inexpensive versions of Mon Cheri dresses.

10.     In exchange for Mon Cheri's forbearance from suit, Wen Wu, individually and as the principal of Jacquelin Bridals, signed an "Affidavit" swearing and promising that as of August 20, 1999, Jacquelin Bridals and its related divisions would not infringe any of Mon Cheri's rights by copying its dress designs and/or any of its unique copyright protected laces, embroideries and laces.

11.     The promises contained in the Affidavit and the consideration supporting them – Mon Cheri's agreement to forbear suit on the Private Collection dress designs – formed a contract between the parties (the "Contract").

12.     Despite the Affidavit signed by Wen Wu, defendants through their sales representatives have sold, and continue to sell, social occasion dresses embodying a design pattern identical and/or substantially similar to Mon Cheri's dresses.

13.     Those Mon Cheri dress styles include the following style numbers: 21917, 22964, 23942, 12930, 14926, 11926, 14637, 13668, 15681, 25901, 25902, 25905, 15969, 13908, 25917, 14921, 13673, 11929, 13925, 14913, 22973, 22981, 23945 and 24668 (collectively the "Mon Cheri Dress Styles").

14.     The Mon Cheri Dress Styles are inherently distinctive and have also acquired a secondary meaning in that purchasers and prospective purchasers have come to associate the Mon Cheri Dress Styles with a single source of manufacture.

15.     Certain of defendants' dress styles imitate the non-functional features of the Mon Cheri Dress Styles.

16.     The imitation of the Mon Cheri Dress Styles has caused actual confusion in the eyes of the consuming public as to product origin, and/or is likely to cause confusion in the eyes of the consuming public as to product origin.

17.     The imitation of the Mon Cheri Dress Styles thus constitutes a false designation of origin and is intentionally designed to deceive and has in fact deceived consumers and prospective customers into believing that defendants' dresses are manufactured and/or sponsored by Mon Cheri.  As a consequence, sales of dresses have been diverted from Mon Cheri to the defendants.

18.   Mon Cheri is the owner of certain copyrights in and to certain of the Mon Cheri Dress Styles, as evidenced by the certificates of registration issued by the U.S. Copyright Office. Those styles are 21917, 23942, 12930, 14926, 11926, 14637, 13668, 15681 and 22964 (the "Copyrighted Works").

19.   Defendants had access to the Copyrighted Works.

20.   Defendants have unlawfully copied the Copyrighted Works, in violation of 17 U.S.C. §501(a) and the exclusive rights of copyright, and continue to sell and market dresses embodying the protected elements of the Copyrighted Works.

21.   Defendants have willfully infringed the Copyrighted Works.

22.   Defendants have breached the Contract.

23.   Defendants' breaches and infringements included the formation of a separate company, Mirage Collection, Inc., which was formed for the purpose of selling a line of dresses intentionally copied from Mon Cheri's flagship dress line, Montage.

24.   Defendant selected the name "Mirage" because the name sounded very much like "Montage", and they intended to and did in fact confuse the consuming public into thinking that the Mirage dresses were in fact Mon Cheri dresses.

25.   Defendants willfully and deliberately took steps to prevent Mon Cheri from discovering the Mirage line, and to hide their copying, such as: a) not publishing catalogs; b) not including the dresses on any website or otherwise advertising them generally to the public; and c) not making them visible at trade shows. Instead, defendants have engaged in a practice of selectively showing the dresses only to retailers in an effort to generate sales.

26.   Defendants represent to retailers that the dresses in their Mirage collection are "identical" to the Mon Cheri Dresses, when in fact, they are manufactured with inferior or lower quality materials.

27.   The models, backgrounds and colors used by defendants in the photographs of their Mirage collection dresses were selected to match closely with Mon Cheri's catalog pictures of its Montage line so as to create confusion among retailers and consumers as to the source of the dresses. The entire "look and feel" of the Mirage line was designed to imitate the Montage line and confuse customers into believing that they were purchasing Mon Cheri dresses.

28.   Wen Wu intentionally induced, caused and/or materially contributed to the infringements and/or the breach of the Contract.

29.   Wen Wu had the right, ability and authority to supervise the conduct of others

engaged in the infringing activities.

30. Wen Wu held a direct and/or indirect financial interest in the exploitation of the infringing dresses.

**C.   Factual Contentions of Defendants (this section not to exceed 2 pages without leave of the Court:**

1. The dresses of Mon Cheri which are the subject of this suit are common and ordinary in the industry and are not subject to protection by copyright, trade dress or any intellectual property rights.

2. To the extent the dresses of Mon Cheri contain embroidery or beading patterns, such patterns are also common and ordinary and do not represent original works of authorship entitled to copyright protection.

3. To the extent any aspect of the dresses of Mon Cheri contain original works of authorship, any copyright in such works is not owned by Mon Cheri.

4. Any aspect of the dresses of Mon Cheri that contain original works of authorship were not authored by any employee of Mon Cheri or any person having a written obligation to assign rights to Mon Cheri at the time such works were authored.

5. Mon Cheri and/or Mr. Steve Lang and/or their attorneys knew or should have known at the time each of the applications for copyright registration involved in this lawsuit were made and filed and at all relevant times thereafter that Mon Cheri had no right, title or interest in the purported works of authorship, and such action constitutes knowing and willful fraud on the copyright office and on this Court.

6. No defendant has ever had access to any of the alleged works of authorship which are the subject of this lawsuit at any time prior to designing or selecting the design of any dress that it has sold.

7. Defendants first became aware of the alleged works of authorship upon receiving offers to purchase from the actual original authors of the dresses embodying such works.

8. Since the present lawsuit is based upon federal copyright registrations that were obtained by knowing and willful fraud, and/or that the present lawsuit was maintained with knowledge that the federal copyright registrations were not valid or enforceable, plaintiff is guilty of unclean hands, malicious prosecution and unfair competition.

9. Each and every aspect and feature of the dresses of Mon Cheri involved in this suit is functional and therefore not available for trade dress protection.

10. No secondary meaning exists with respect to any aspect or feature of the dressesof Mon Cheri involved in this suit, and therefore trade dress protection is not available for any dress of Mon Cheri involved in this lawsuit.

11. Many of the dress designs used by Mon Cheri are copies or knockoffs of the designs of other manufacturers and sellers of dresses, and for this additional reason there can be no trade dress rights owned by plaintiff.

12. Mon Cheri has devoted no money or advertising expenses, and has created no advertisements or marketing materials, which identify or highlight any non-functional, origin identifying aspect of its dresses.

13. There is no likelihood of confusion between any origin identifying aspect common to all of plaintiff's dresses, to the extent such might exist, and any dress sold or distributed by defendants.

14. All of the dresses sold by defendants are clearly sold and marketed with labels and other designations indicating the source to be defendants, and purchasers of such dresses are highly discriminating and careful and not likely to be confused as to the origin of such dresses notwithstanding any trade dress rights that plaintiff may have.

15. Several years ago Mr. Steve Lang fabricated false allegations that Mr. Wen Wu, and one or more companies with which he has been associated, had infringed alleged copyrights in certain dresses sold by Mr. Lang and/or Mon Cheri. Mr. Wu denied all such allegations and continues to deny all such allegations.

16. Although substantial settlement discussions had occurred in an effort to resolve the false allegations of copyright infringement by Mr. Lang and Mon Cheri against Mr. Wu, no agreement was able to be reached. In or around August, 1999, Mr. Wen Wu signed an affidavit as a sign of good faith toward Mr. Lang and Mon Cheri.

17. Neither Mr. Wu nor any company with which he is or has been associated has ever entered into an agreement with Mon Cheri, and the affidavit signed by Mr. Wu on August 20, 1999 is merely a sign of good faith and not evidence of the existence of an agreement. Mr. Wu never received and never expected to receive a promise of forbearance from suit by Mon Cheri arising from the affidavit of August 20, 1999.

18. Neither Mr. Wu nor any company with which he is or has been associated has ever infringed any valid copyright that might have been owned by Mon Cheri.

19. Since neither Mr. Wu nor any company with which he is or has been associated has ever infringed any valid copyright that might have been owned by Mon Cheri, the alleged agreement, even if it had existed, would not have been breached.

20. To the extent Mon Cheri alleges that its dresses possess nonfunctional features,

which it will be proven that they do not possess, no dress of defendants imitates such features.

21. There has been no actual confusion between any dress alleged by plaintiff to possess trade dress protection and any dress sold by defendants.

22. No defendant has ever acted with any intent to deceive any consumer regarding the origin of any dress it has sold or distributed, and no member of the consuming public has ever been so deceived.

23. No defendant was involved in any way in the formation or operation of the company Mirage Collection, Inc. and no defendant has any information as to the purpose for which such company was formed or for the reason such name was selected, and no defendant took any steps to willfully or deliberately prevent Mon Cheri from discovering the existence of any dress sold by such company.

24. No defendant is involved in any way in characterizing to the general public or anyone else any of the dresses which are allegedly sold by the company Mirage Collection, Inc.

25. No defendant was involved in any way in selecting the models, backgrounds or colors used to create photographs of any Mirage Dress. NO defendant is aware of any reason for which any such models, backgrounds or colors were selected.

26. Mr. Wu has not intentionally induced, caused and/or materially contributed to any alleged infringement, and does not have the right, ability or authority to supervise the conduct of any others engaged in any activity alleged to be infringing.

27. Mr. Wu does not have a direct or indirect financial interest in the exploitation of any dress which is an infringement of any right of plaintiff.

**D.   Factual Contentions of Defendant/Third Party Plaintiff:**

N/A.

**E.   Factual Contentions of Third Party Defendants:**

N/A.

**F.   Stipulated Facts:**

1. Defendant, United Wu Enterprises, Inc. ("UWE"), is a Florida corporation which maintains a principal place of business at 14975 Technology Court, Ft. Myers, Florida.

2.     Wu is Vice-President of UWE.

3.     UWE does business and/or has done business under at least the trade names "LaBelle Fashions" and "Tiffany Designs".

4.     Defendant, Formosa Sunrise Corporation ("Formosa"), is a Florida corporation which maintains a principal place of business at 14975 Technology Court, Ft. Myers, Florida. Wu is the majority shareholder, President and Secretary. Formosa does business and/or has done business under at least the trade names "LaBelle Fashions", "Tiffany Designs", "Jacquelin Bridals" and "Christina Wu".

**G.**     **Statement of Damages Claimed (this section not to exceed 1 page without leave of Court):**

Plaintiff seeks the following damages and other relief:

1.     A declaratory judgment that defendants have infringed the Copyrighted Works and otherwise infringed plaintiff's trade dress rights;

2.     Actual damages under 17 U.S.C. §504(b) and under the Lanham Act as well as damages under the state law claims;

3.     Statutory damages under 17 U.S.C. §504(c);

4.     Damages for willful infringement and punitive damages;

5.     Attorneys' fees and costs to plaintiff under 17 U.S.C. §505 and under 15 U.S.C. §1117;

6.     Preliminary and permanent injunctive relief against any and all further acts of infringement and/or breach of contract;

7.     An accounting of all profits generated from the sale of any infringing works.

**H.**     **Statement of Legal Issues Presented:**

1.     Whether plaintiff is the owner of any valid copyright registrations, including whether the subject matter of each of the asserted copyright registrations is a work which can be the subject of copyright protection, whether the alleged works are sufficiently wrongly or misidentified to render the registrations invalid, whether plaintiff is the actual proper owner of each of the asserted copyright registrations, and whether each of the works represented by the copyright registrations is sufficiently original to be protectable under the copyright laws of the United States.

2.     Whether plaintiff and/or its attorneys committed fraud on the Copyright Office by

presenting works of authorship for copyright registration in which plaintiff had o legal right, title or interest.

3. Whether any dress of plaintiff constitutes or embodies protectable trade dress.

4. Whether any dress of defendant which actually embodies protectable trade dress is likely to cause ordinary purchasers of such dresses to be confused as to the origin of such dresses.

5. Whether defendants infringed on Mon Cheri's trade dress rights, to the extent such rights might be determined to exist, in the Mon Cheri Dress Styles in violation of the Lanham Act, 15 U.S.C. §1125(a).

6. Whether plaintiff has been damaged by any alleged infringement that may be proven, including whether and to what extent any lost profit of plaintiff and/or profit of defendant is attributable to and/or has a nexus to use by defendant of copyrightable subject matter that may be proven in view of the substantial non-copyrightable subject matter included in defendant's dresses.

7. Whether defendants engaged in unfair competition under New Jersey law, N.J.S.A. 56:4-1, by selling dresses which are alleged to imitate alleged protectable trade dress in the Mon Cheri Dress Styles.

8. Whether defendants infringed on any valid copyrights owned by Mon Cheri in the Mon Cheri Dress Styles.

9. Whether a contract existed between Mon Cheri and whether, if such a contract is determined to exist, defendants breached such a contract with Mon Cheri.

10. Whether any valid copyright owned by Mon Cheri has been directly infringed, and if so, whether defendant, Wen Wu, contributorily infringed on any such valid copyrights found to be owned by Mon Cheri in the Mon Cheri Dress Styles and directly infringed by another.

11. Whether any valid copyright owned by Mon Cheri has been directly infringed, and if so, whether defendant, Wen Wu, vicariously infringed on any such valid copyright owned by Mon Cheri in the Mon Cheri Dress Styles and directly infringed by another.

I. **Legal Issues, Defenses or Claims to Be Abandoned:**

None.

**J.**   **Exhibits:**

Exhibit lists are attached to this Order.

**K.**   **Additional Discovery:**   *THE COURT WILL ENTERTAIN JOINT APPLICATION TO MODIFY THE ORDER PROVIDED NO NEW ISSUES ARE RAISED.*

The parties continue to work together and diligently on fact and expert discovery through January 31, 2008. Defendant is still attempting to obtain from plaintiff access to dresses and documents responsive to outstanding discovery for inspection and copying. In addition, plaintiff is seeking additional documents from defendants on its damages claims, specifically, any documents surrounding the sales and profits on the allegedly infringing dresses by defendants. Defendants have offered on several occasions to arrange a time for inspection of any damage related documents that have not already been produced.

**L.**   **Expert Witnesses:**

1.   For Plaintiff:

     None

2.   For Defendant

     Nancy Issler
     (Ms. Issler is a freelance dress designer who has extensive industry experience in the design of dresses of the type at issue in this litigation and will testify generally in support of the allegations in the Answers, including but not limited to, normal custom and procedure respecting the design of dresses in the United States, the interaction between dress suppliers in the United States and Chinese manufacturers in general, the non-originality of embroidery designs on which plaintiff bases its Complaint and the dissimilarities between such designs and the designs of defendant leading to the conclusion that there has been no infringement of any valid copyright.)

     Rod Burkert
     (Mr. Burkert is a certified public accountant who will testify regarding the allegations of damage by plaintiff. The specifics of his testimony will be provided once fact discovery is completed.)

     Expert to be determined    *SEE § K.*
     (An expert to be determined will be called, potentially in rebuttal, to the extent necessary, to testify contrary to the existence of valid copyright, trade dress rights and/or secondary meaning and/or likelihood of confusion with respect to the alleged trade dress. This expert may be one or more of the fact witnesses identified below.)

     Expert to be determined    *SEE § K.*
     (An expert to be determined will be called to testify contrary to the existence of valid

copyright and with regard to industry standards and accepted practices in connection with dress design, manufacture and sale.  This expert may be one or more of the fact witnesses identified below.)

## M.   Fact Witnesses:

1.   For Plaintiff:

Stephen Lang
President
Mon Cheri Bridals, LLC
1018 Whitehead Road Extension
Trenton, NJ 08638
(Mr. Lang is the President and CEO of Mon Cheri Bridals.  Mr. Lang will testify generally in support of the allegations of the Complaints in the consolidated actions, and consistently with the facts contained: 1) in his Declaration dated 8/12/05 and filed with the Court on August 12, 2005 in Civil Action No. 04-1739; 2) in his Declaration dated 10/3/05 and filed with the Court on October 6, 2005 in Civil Action No. 04-1739; and 3) in his Declaration dated 12/20/05 and filed with the Court on December 29, 2005 in Civil Action No. 05-5934.)

Yolanda Dabrowski
Mon Cheri Bridals, LLC
1018 Whitehead Road Extension
Trenton, NJ 08638
(Ms. Dabrowski is the Vice President of Mon Cheri Bridals.  Ms. Dabrowski will testify generally in support of the allegations of the Complaints in the consolidated actions.)

Wen Wu
Fort Myers, FL
(Mr. Wu will be called to testify as an adverse witness.  Mr. Wu will be questioned concerning the facts surrounding his execution of an Affidavit in August 1999, and the facts surrounding the marketing and sale of the allegedly infringing dresses described in the Complaints in the consolidated actions.)

William Noonan, Esq.
8250 College Parkway
Suite 202
Fort Myers, FL 33919
(239) 481-0900
(Mr. Noonan is an attorney who represented Mr. Wu and/or entities owned or controlled by Mr. Wu in connection with certain discussions which occurred between Mr. Wu and Mon Cheri in 1999 following allegations of infringement made by Mon Cheri.  Mr. Noonan will be called to testify as an adverse witness.  He will be called

to testify concerning the exchange of correspondence in 1999 with Mon Cheri's counsel, the discussions he had with Mon Cheri's counsel, and the execution by Wen Wu of the 1999 Affidavit.)

Robert D. Frawley, Esq.
Law Offices of Robert D. Frawley
64 Maple Avenue
Morristown, NJ 07960
(973) 451-1100
(Mr. Frawley is an attorney who represented Mon Cheri in connection with certain discussions which occurred between Mr. Wu and Mon Cheri in 1999 following allegations of infringement made by Mon Cheri. He will be called to testify concerning the exchange of correspondence in 1999 with defendants' counsel, the discussions he had with defendants' counsel, and the execution by Wen Wu of the 1999 Affidavit.)


Bernie Kaitz
7759 Via Grande
Boynton Beach, FL 33437
(Mr. Kaitz is/was the Northeast Regional Sales Representative for Jacquelin Bridals and other entities owned or controlled by Mr. Wu. He will be called to testify concerning the formation of Mirage Collection, Inc., the marketing and sales of the Mirage Collection dresses, the marketing and sale of the other allegedly infringing dresses described in the Complaints, his communications with Wen Wu and the other defendants concerning the marketing and sale of dresses, and the facts contained in a certain Affidavit signed by Mr. Kaitz in connection with a Settlement Agreement entered into between Mr. Kaitz and Mon Cheri.)

Ivonne Dome
c/o Mon Cheri Bridals, LLC
1018 Whitehead Road Extension
Trenton, NJ 08638
(Ms. Dome is a designer of the dresses at issue in the litigation. Ms. Dome will testify concerning her design of the dresses and will further testify consistently with the facts contained in her Declaration dated 2/1/06 which was filed with the Court on February 1, 2006 in Civil Action No. 05-5934.)

Norma Maslowski
Jay West Fashions
Haddonfield, New Jersey
(Ms. Maslowski will testify consistently with the facts contained in her Declaration dated 12/5/05 which was filed with the Court on December 22, 2005.)

Christina Y. Kim

Christina's Fashions
681 Palomar Street
Suite E
Chula Vista, CA 91911
(619) 420-1553
(Ms. Kim owns and operates a retail outlet which sells Mon Cheri dresses and will
testify generally concerning the factual basis of Mon Cheri's claims including the
sale of certain dress designs sold by defendants which form the basis of the
allegations of the Complaints.)

Steven Baslow
(address unknown)
(Mr. Baslow will testify consistently with the facts contained in his Declaration dated
11/10/05 which was filed with the Court on December 22, 2005.)

Terrie Martin
T. Carolyn Fashions
5474 FM 1960W
Houston, Texas 77069
(281) 440-4696
(Ms. Martin will testify consistently with the facts contained in her Declaration dated
11/10/05 which was filed with the Court on December 29, 2005.)

2.     For Defendants:
Nancy Issler
Address being determined
(Ms. Issler is a freelance dress designer who will testify contrary to the assertions of
originality and authorship, and contrary to any assertions of secondary meaning in the
alleged trade dress, and with regard to industry standards and customs in dress design
and manufacture.)

Jay Reynolds
Address being determined
(Mr. Reynolds is a dress designer/manufacturer who will testify contrary to the
assertions of originality and authorship, and contrary to any assertions of secondary
meaning in the alleged trade dress, and with regard to industry standards and customs
in dress design and manufacture.)

Loreli
Address being determined
(Ms. Loreli is a dress designer/manufacturer who will testify contrary to the
assertions of originality and authorship, and contrary to any assertions of secondary
meaning in the alleged trade dress, and with regard to industry standards and customs
in dress design and manufacture.)

Tyler Martin
Address being determined
(Mr. Martin is a dress designer/manufacturer who will testify contrary to the assertions of originality and authorship, and contrary to any assertions of secondary meaning in the alleged trade dress, and with regard to industry standards and customs in dress design and manufacture.)

Dee Fien
Address being determined
(Mr. Fien is a dress designer/manufacturer who will testify contrary to the assertions of originality and authorship, and contrary to any assertions of secondary meaning in the alleged trade dress, and with regard to industry standards and customs in dress design and manufacture.)

Sandra Todd
Frills N Fancies
1 S. Main St.
Statesboro, GA 30458
(912) 764-9545
(Ms. Todd is a retail owner and operator who will testify contrary to the assertions of originality and authorship, and/or contrary to any assertions of secondary meaning in the alleged trade dress.)

Kari Smith
Schaffer's
601 E. Locust St.
Des Moines, IA 50309
(515) 288-8668
(Ms. Smith is a retail owner and operator who will testify contrary to the assertions of originality and authorship, and/or contrary to any assertions of secondary meaning in the alleged trade dress.)

Judy Benson
The Bridal Shop
3120 S. 25th Street South
Fargo, ND 58103
(701) 235-0541
(Ms. Benson is a retail owner and operator who will testify contrary to the assertions of originality and authorship, and/or contrary to any assertions of secondary meaning in the alleged trade dress.)

Anthony Phillip
The Bridal Outlet
2421 Hewitt Avenue
Everett, WA 98201

(425) 550-0702
(Mr. Phillip is a retail owner and operator who will testify contrary to the assertions
of originality and authorship, and/or contrary to any assertions of secondary meaning
in the alleged trade dress.)

Cathy Mestads
Cathy Mestad's
1171 6th Street N.W.
Rochester, MN 55901
(507) 289-2444
(Ms. Mestads is a retail owner and operator who will testify contrary to the assertions
of originality and authorship, and/or contrary to any assertions of secondary meaning
in the alleged trade dress.)

Meg Walter
Henri Cloud Nine
110 North Market Street
Minerva, OH 44657
(330) 868-6160
(Ms. Walter is a retail owner and operator who will testify contrary to the assertions
of originality and authorship, and/or contrary to any assertions of secondary meaning
in the alleged trade dress.)

Mr. Lin
China
(address unknown)
(Mr. Lin will testify contrary to the assertions of originality and authorship made by
plaintiff and will testify as to the creation in China of the original embroidery patterns
alleged in this suit to have been created by plaintiff and/or of the embroidery patterns
to be infringed, and will further testify as to the lack of originality in the asserted
embroidery patterns.)

Mr. Zhang
Xio Chao, Room 501
A Xingxiayuang, Nanjiao Xi Road
Chaozhou, Guangdong
China
1350-263-6797
(Mr. Zhang will testify contrary to the assertions of originality and authorship made
by plaintiff and will testify as to the creation in China of the original embroidery
patterns alleged in this suit to have been created by plaintiff and/or of the embroidery
patterns to be infringed, and will further testify as to the lack of originality in the
asserted embroidery patterns.)

Mr. Cheng Hangia
Xio Chao, Room 501
A Xingxiayuang, Nanjiao Xi Road
Chaozhou, Guangdong
China
1350-263-6797
(Mr. Hangia will testify contrary to the assertions of originality and authorship made by plaintiff and will testify as to the creation in China of the original embroidery patterns alleged in this suit to have been created by plaintiff and/or of the embroidery patterns to be infringed, and will further testify as to the lack of originality in the asserted embroidery patterns.)

Mr. Xie
Wei Qiang
No. 335 West Xinquao Road
Chaozhou, Guangdong
China
1350-989-8669
(Mr. Xie will testify contrary to the assertions of originality and authorship made by plaintiff and will testify as to the creation in China of the original embroidery patterns alleged in this suit to have been created by plaintiff and/or of the embroidery patterns to be infringed, and will further testify as to the lack of originality in the asserted embroidery patterns.)

Mr. Lu
China
(address unknown)
(Mr. Lu will testify contrary to the assertions of originality and authorship made by plaintiff and will testify as to the creation in China of the original embroidery patterns alleged in this suit to have been created by plaintiff and/or of the embroidery patterns to be infringed, and will further testify as to the lack of originality in the asserted embroidery patterns.)

Ms. Does 1 - 5    *SEE SECTION K*
China
(One or more of the Does will testify contrary to the assertions of originality and authorship made by plaintiff and will testify that they were involved in the creation in China of the original embroidery patterns alleged in this suit to have been created by plaintiff, without any affiliation or association with plaintiff, and/or will testify as to the lack of originality in the asserted embroidery patterns.)

Wen Wu
Fort Myers, FL
(Mr. Wu will testify contrary to the assertions in the Complaint and consistent with the allegations in the Answers on all counts.)

Bernie Kaitz
7759 Via Grande
Boynton Beach, FL 33437
(Mr. Kaitz will testify contrary to the assertions in the Complaint and consistent with
the allegations in the Answers on all counts.)

**N.**   **Deposition Testimony to be read:**

None at this time, although discovery is ongoing and defendants may choose to introduce
testimony by way of deposition transcript and will indicate which, if any, such testimony will
be used upon completion of discovery.

**O.**   **Trial Briefs/Requests to Charge:**

No later than five days before the date set for trial or at such time as the Court may direct,
each party shall submit:

1.   Trial Brief or Memorandum with citations and authorities and arguments in support
     of the party's position on all disputed issues of law.

2.   Proposed Findings of Fact/Conclusions of Law (for non-jury cases).

3.   Requested Voir Dire questions.

4.   Form of Verdict Sheet.

**P.**   ***In Limine* Motions:**   *File by JANUARY 25 2008; RETURNABLE FEBRUARY 19, 2008.*

1.   For Plaintiff:

Plaintiff intends to file motions:

A.   to bar defendants from introducing any expert testimony on the grounds that
     the listed experts were not designated within the time allowed by Scheduling
     Order nor were any reports served;

B.   to bar defendants from introducing into evidence any documents not
     produced during the period set by Scheduling Order for pretrial discovery;
     and

C.   to bar defendants from calling any of the fact witnesses listed under M.2.
     (except for Wen Wu and Bernie Kaitz) on the grounds that none of the
     witnesses were disclosed in any response to written discovery requests or in
     defendants' Rule 26(a) Disclosures.

2.    For Defendants:

A.    Defendants intend to move to exclude introduction at trial of any dresses of Plaintiff.

B,    Defendants intend to move to exclude introduction at trial of any evidence tending to establish the existence and/or elements of any alleged trade dress of plaintiff, including whether any alleged trade dress has acquired secondary meaning and/or is nonfunctional.

C.    Defendants intend to move to exclude introduction at trial of any evidence tending to show or establish the existence of a likelihood of confusion between any alleged trade dress of plaintiff and any dress of defendants.

D,    Defendants intend to move to exclude introduction at trial of any evidence of the actual creators of any work alleged to be copyrightable in Plaintiff's dresses or that plaintiff is the owner of any valid copyright or any copyright registration of any work.

E.    Defendants intend to move to exclude introduction at trial of any evidence of the actual creators of any work alleged to be copyrightable in the Plaintiff's dresses.

F.    Defendants intend to move to exclude introduction at trial of any evidence tending to indicate that plaintiff has a creative design team.

G.    Defendants intend to move to exclude introduction at trial of any evidence tending to indicate that plaintiff has developed many of the world's most unique and original wedding and social occasion dress patterns.

H.    Defendants intend to move to exclude introduction at trial of any evidence tending to indicate that plaintiff has expended or invested in advertising relating to its allegedly unique designs and or any alleged trade dress.

1.    Defendants intend to move to exclude introduction at trial of any evidence tending to indicate that any defendant used any advertising material of plaintiff including any photographs of plaintiff, to market any dresses of defendants, including Private Collection dresses.

I.    Defendants intend to move to exclude introduction at trial of any evidence tending to indicate that any act of defendant constitutes a false designation of origin.

J.      Defendants intend to move to exclude introduction at trial of any evidence, including documents, tending to indicate that any act of defendant was intentionally designed to deceive.

K.      Defendants intend to move to exclude introduction at trial of any evidence, including documents, tending to indicate that any person was actually confused or deceived into believing that defendants' addresses are manufactured and/or sponsored by plaintiff.

L.      Defendants intend to move to exclude introduction at trial of any evidence, including documents, suggesting that defendants have willfully infringed any copyrighted work.

M.      Defendants intend to move to exclude introduction at trial of any evidence, including documents, tending to indicate that plaintiff has been damaged as a result of any alleged infringement or any alleged breach of contract.

N.      Defendants intend to move to exclude introduction at trial of any evidence, including documents, tending to indicate that any defendant is contributorily or vicariously liable for infringement by another.

O.      Defendants intend to move to exclude introduction at trial of any evidence, including documents, tending to indicate that Mr. Wu is an owner and/or officer of Mirage Collection, Inc.

P.      Defendants intend to move to exclude introduction at trial of any evidence, including documents, tending to indicate that plaintiff's Montage collection is the company's most visible and successful line.

Q.      **Bifurcation:** *TO BE FILED BY JANUARY 25, 2008. RETURNABLE FEBRUARY 19, 2008*

Plaintiff believes that the issues of liability and damages shall not be tried separately.

Defendant believes that the issues of liability and damages should be bifurcated and tried separately.

R.      **Estimated Length of Trial:**

Plaintiff estimates 4 days for trial. Defendant estimates a total trial time from 4 to 10 days, depending upon the outcome of the pending summary judgment motion and any other summary judgment motion which may be filed.

S.      **Copies of Exhibits:**

(Copies of exhibits are to be made for opposing counsel, and a bench book of exhibits is to

be delivered to the Judge at the start of trial. If counsel desires to display exhibits to the jury, sufficient copies should be available to provide each juror with a copy. Alternatively, enlarged photographs or projected copies may be used)

We hereby certify by the affixing of our signatures to this short form Joint Final Pretrial Order that it reflects the efforts of all counsel and that we have carefully and completely reviewed all parts of this Order prior to its submission to the Court. The parties are reminded that they must amend the Pretrial Order to list additional witnesses or exhibits. Further, it is acknowledged that amendments to the Pretrial Order will not be permitted except where the Court determines that manifest injustice would result if the amendment is not allowed.

_____
Craig S. Hilliard

_____
1/11/08
Date

_____
Joseph F. Posillico

_____
1/11/08
Date

Entry of the foregoing Joint Final Pretrial Order is hereby APPROVED this

_____ day of _January_ 2008

USMJ

Mon Cheri- Plaintiff's Exhibits

1. Affidavit (Dep Wu-1)

2. Defendant Wen Wu's Responses to Plaintiff's First Set of Interrogatories (Dep Wu-2)

3. Defendant Wen Wu's Supplemental Interrogatory Responses (Dep Wu-3)

4. 1/4/99 Letter from R. Frawley to W. Wu (Dep Wu-4)

5. 1/11/99 Letter from W. Noonan to R. Frawley (Dep Wu-5)

6. Release - "A Message to Our Private Collection Stores" (Dep Wu-6)

7. 3/26/99 Letter from W. Noonan to R. Frawley (Dep Wu-7)

8. 8/9/99 Letter from W. Wu to S. Lang (Dep Wu-8)

9. 8/12/99 Letter from W. Wu to S. Lang (Dep Wu-9)

10. 6/1/99 "Discontinued Notice" - Private Collection (Dep Wu-10)

11. 8/16/99 Letter from W. Wu to S. Lang (Dep Wu-11)

12. Jacquelin Bridals/Tiffany/Christina Wu/LaBelle Fashions Order form (Dep Wu-12)

13. LaBelle Fashions Spring 2005 catalog excerpts (Dep Wu-13)

14. Copyright registration - Mon Cheri dress style #21917

15. Copyright registration - Mon Cheri dress style #23942

16. Copyright registration - Mon Cheri dress style #12930

17. Copyright registration - Mon Cheri dress style #14926

18. Copyright registration - Mon Cheri dress style #11926

19. Copyright registration - Mon Cheri dress style #14637

20. Copyright registration - Mon Cheri dress style #13668 (Bates P1197)

21. Copyright registration - Mon Cheri dress style #15681 (Bates P1198)

22. Copyright registration - Mon Cheri dress style #22964

23.    Dress sample - Mon Cheri dress style #21917

24.    Dress sample - Mon Cheri dress style #23942

25.    Dress sample - Mon Cheri dress style #12930

26.    Dress sample - Mon Cheri dress style #14926

27.    Dress sample - Mon Cheri dress style #11926

28.    Dress sample - Mon Cheri dress style #14637

29.    Dress sample - Mon Cheri dress style #13668

30.    Dress sample - Mon Cheri dress style #15681

31.    Dress sample - Mon Cheri dress style #22964

32.    Dress sample - Mon Cheri dress style #25901

33.    Dress sample - Mon Cheri dress style #25902

34.    Dress sample - Mon Cheri dress style #25905

35.    Dress sample - Mon Cheri dress style #15969

36.    Dress sample - Mon Cheri dress style #13908

37.    Dress sample - Mon Cheri dress style #25917

38.    Dress sample - Mon Cheri dress style #14921

39.    Dress sample - Mon Cheri dress style #13673

40.    Dress sample - Mon Cheri dress style #11929

41.    Dress sample - Mon Cheri dress style #13925

42.    Dress sample - Mon Cheri dress style #14913

43.    Dress sample - Mon Cheri dress style #22973

44.    Dress sample - Mon Cheri dress style #22981

45.    Dress sample - Mon Cheri dress style #23945

46.     Dress sample - Mon Cheri dress style #24668

47.     3/5/99 Letter from R. Frawley to W. Noonan (Bates P23)

48.     3/17/99 Letter from R. Frawley to W. Noonan (Bates P24)

49.     3/22/99 Letter from R. Frawley to W. Noonan (Bates P25)

50.     6/1/99 Letter from S. Lang to W. Wu (Bates P33-34)

51.     8/12/99 Letter from S. Lang to W. Wu (Bates P37)

52.     8/12/99 Letter from S. Lang to W. Wu (Bates P38)

53.     8/13/99 Letter from S. Lang to W. Wu (Bates P41)

54.     8/20/99 Letter from S. Lang to W. Wu re: Affidavit (Bates P44-45)

55.     Jacquelin Bridals website pages (Bates P48-51)

56.     Tiffany Designs website pages (Bates P52-53)

57.     Christina Wu website pages (Bates P54-56)

58.     Fall 2003 Mon Cheri Montage Collection dress listing/price listing (Bates P57-64)

59.     Invoice #252209/Tiffany Designs (Dress #7338) (Bates P66)

60.     Invoice #251935/Tiffany Designs (Dress #7313 & 7339) (Bates P67)

61.     MarketPlanner listing of Sales Representatives (Bates P68)

62.     Jacquelin Exclusive website pages (Bates P146-149)

63.     LaBelle Fashions website pages (Bates P150-167)

64.     Tiffany Designs website pages (Bates P168-183)

65.     Catalog pictures (Bates P184-202)

66.     Mon Cheri Style #21917 sketches (beading pattern)

67.     Mon Cheri Style #21917 sketches (paper pattern)

68.     Mon Cheri design sketches - #13668 and #25902 (Bates P1194-1196)

69. Documents re: Defendants' gross sales on dresses including documents stamped WW255-295

70. Central NJ Business article - "Top 20 Companies" - 1995 (Bates P203-204)

71. Central NJ Business article - "Top 20 Companies" - 1994 (Bates P205-206)

72. Mon Cheri Bridals' Employee Handbook (Bates P207-208)

73. Invoice #100109/Mirage Collection (Dress #M513/M516) (Bates P209)

74. Spring 2006 Market Planner/Showroom Directory (Bates P210-215)

75. Mon Cheri Awards summary (Bates P217)

76. Bridal Information Resource reports (Bates P219-238)

77. Bridal Information Resource reports - 1994 (Bates 239-265)

78. 8/16/99 Letter from S. Lang to W. Wu (Bates P269)

79. 1/29/99 Letter from S. Lang to W. Wu (Bates P289-292)

80. Jacquelin Bridals - Spring 1999 Price List (Bates P293-300)

81. 11/20/04 fax from Famory re: Mon Cheri dress styles (Bates P304-306)

82. 9/14/04 E-mail from S. Lang to Famory (Bates P308)

83. 9/14/04 E-mail from Famory to S. Lang (Bates P309)

84. Letter (undated) from Famory to S. Lang re: Mon Cheri Style #21917 (Bates P310)

85. LaBelle Fashions Spring 2008 catalog

86. LaBelle Fashions Spring 2008 Price List

WEN WU

29100

Trial Exhibit List

1.  Series of photo images depicting the LaBelle Collection – bates nos. WW00040-
    WW00211;

2.  Series of documents detailing the style, color, fabric and price of LaBelle Collection;
    bates nos. WW00249-WW00254

3.  Sales documents; Bates nos. WW00255-WW259

4.  Sales history documents; bates nos. WW00260-WW00276

5.  Invoices – bates nos. WW00277-WW00294

6.  Miscellaneous sales document – bates WW00295

7.  Fabric Samples – bates nos. WW00296-WW00307

8.  Sketches by Jenn – fall 2007- Bates nos. WW00308 to WW00321

9.  Sketches by Jenn · · 2008- bates nos. WW00322-WW00361

10. Miscellaneous sketches – bates WW00362-WW00434

11. Electronic media (CD) – bates WW00435

12. Article re Wen Wu- Bates nos. WW00436-WW00437

13. Plaintiff's Responses to Defendant's First Set of requests for production of Documents.

14. Plaintiff's responses to Defendant's First Set of Interrogatories.

15. Plaintiff's Responses and Objections to First Set of Requests for Production of
    Documents of Mirage and Kaitz

16. Plaintiff's Responses and Objections to Wu's Second Set of Requests for Production of

Documents

17. Plaintiff's Responses and Objections To Wen Wu's First Set of Requests For Admissions

18. Incorporation Documents – Formosa Sunrise Corporation – Bates Nos. WW00001-WW00033.

19. Affidavit (Dep Wu-1)

20. Defendant Wen Wu's Responses to Plaintiff's First Set of Interrogatories (Dep Wu-2)

21. Defendant Wen Wu's Supplemental Interrogatory Responses (Dep Wu-3)

22. 1/4/99 Letter from R. Frawley to W. Wu (Dep Wu-4)

23. 1/11/99 Letter from W. Noonan to R. Frawley (Dep Wu-5)

24. Release - "A Message to Our Private Collection Stores" (Dep Wu-6)

25. 3/26/99 Letter from W. Noonan to R. Frawley (Dep Wu-7)

26. 8/9/99 Letter from W. Wu to S. Lang (Dep Wu-8)

27. 8/12/99 Letter from W. Wu to S. Lang (Dep Wu-9)

28. . 6/1/99 "Discontinued Notice" - Private Collection (Dep Wu-10)

29. 8/16/99 Letter from W. Wu to S. Lang (Dep Wu-11)

30. Jacquelin Bridals/Tiffany/Christina Wu/LaBelle Fashions Order form (Dep Wu-12)

31. LaBelle Fashions Spring 2005 catalog excerpts (Dep Wu-13)

32. Copyright registration - Mon Cheri dress style #21917

33. Copyright registration - Mon Cheri dress style #23942

34. Copyright registration - Mon Cheri dress style #12930

35. Copyright registration - Mon Cheri dress style #14926

36. Copyright registration - Mon Cheri dress style #11926

37. Copyright registration - Mon Cheri dress style #14637

38. Copyright registration - Mon Cheri dress style #13668 (Bates P1197)

39. Copyright registration - Mon Cheri dress style #15681 (Bates P1198)

40. Copyright registration - Mon Cheri dress style #22964

41. Dress sample - Mon Cheri dress style #21917

42. Dress sample - Mon Cheri dress style #23942

43. Dress sample - Mon Cheri dress style #12930

44. Dress sample - Mon Cheri dress style #14926

45. Dress sample - Mon Cheri dress style #11926

46. Dress sample - Mon Cheri dress style #14637

47. Dress sample - Mon Cheri dress style #13668

48. Dress sample - Mon Cheri dress style #15681

49. Dress sample - Mon Cheri dress style #22964

50. Dress sample - Mon Cheri dress style #25901

51. Dress sample - Mon Cheri dress style #25902

52. Dress sample - Mon Cheri dress style #25905

53. Dress sample - Mon Cheri dress style #15969

54. Dress sample - Mon Cheri dress style #13908

55. 37. Dress sample - Mon Cheri dress style #25917

56. Dress sample - Mon Cheri dress style #14921

57. Dress sample - Mon Cheri dress style #13673

58. Dress sample - Mon Cheri dress style #11929

59. Dress sample - Mon Cheri dress style #13925

60. Dress sample - Mon Cheri dress style #14913

61. Dress sample - Mon Cheri dress style #22973

62. Dress sample - Mon Cheri dress style #22981

63. Dress sample - Mon Cheri dress style #23945

64. Dress sample - Mon Cheri dress style #24668

65. 3/5/99 Letter from R. Frawley to W. Noonan (Bates P23)

66. 3/17/99 Letter from R. Frawley to W. Noonan (Bates P24)

67. 3/22/99 Letter from R. Frawley to W. Noonan (Bates P25)

68. 6/1/99 Letter from S. Lang to W. Wu (Bates P33-34)

69. 8/12/99 Letter from S. Lang to W. Wu (Bates P37)

70. 8/12/99 Letter from S. Lang to W. Wu (Bates P38)

71. 8/13/99 Letter from S. Lang to W. Wu (Bates P41)

72. 8/20/99 Letter from S. Lang to W. Wu re: Affidavit (Bates P44-45)

73. Jacquelin Bridals website pages (Bates P48-51)

74. Tiffany Designs website pages (Bates P52-53)

75. Christina Wu website pages (Bates P54-56)

76. Fall 2003 Mon Cheri Montage Collection dress listing/price listing (Bates P57-64)

77. Invoice #252209/Tiffany Designs (Dress #7338) (Bates P66)

78. Invoice #251935/Tiffany Designs (Dress #7313 & 7339) (Bates P67)

79. MarketPlanner listing of Sales Representatives (Bates P68)

80. Jacquelin Exclusive website pages (Bates P146-149)

81. LaBelle Fashions website pages (Bates P150-167)

82. Tiffany Designs website pages (Bates P168-183)

83. Catalog pictures (Bates P184-202)

84. Mon Cheri Style #21917 sketches (beading pattern)

85. Mon Cheri Style #21917 sketches (paper pattern)

86. Mon Cheri design sketches - #13668 and #25902 (Bates P1194-1196)

87. Documents re: Defendants' gross sales on dresses

88. Central NJ Business article - "Top 20 Companies" - 1995 (Bates P203-204)

89. Central NJ Business article - "Top 20 Companies" - 1994 (Bates P205-206)

90. Mon Cheri Bridals' Employee Handbook (Bates P207-208)

91. Invoice #100109/Mirage Collection (Dress #M513/M516) (Bates P209)

92. Spring 2006 Market Planner/Showroom Directory (Bates P210-215)

93.  Mon Cheri Awards summary (Bates P217)

94. Bridal Information Resource reports (Bates P219-238)

95. Bridal Information Resource reports - 1994 (Bates 239-265)

96. 8/16/99 Letter from S. Lang to W. Wu (Bates P269)

97. 1/29/99 Letter from S. Lang to W. Wu (Bates P289-292)

98. Jacquelin Bridals - Spring 1999 Price List (Bates P293-300)

99. 11/20/04 fax from Famory re: Mon Cheri dress styles (Bates P304-306)

100. 14/04 E-mail from S. Lang to Famory (Bates P308)

101.      9/14/04 E-mail from Famory to S. Lang (Bates P309)

102. Letter (undated) from Famory to S. Lang re: Mon Cheri Style #21917 (Bates P310)