NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MON CHERI BRIDALS, INC., : | |
| : | |
| Plaintiff, : | Civil No. 04-1739 (AET) |
| : | |
| v. : | **MEMORANDUM AND ORDER** |
| : | |
| WEN WU, et al. : | |
| : | |
| Defendants. : | |
| : | |

THOMPSON, U.S.D.J.

INTRODUCTION

    This matter comes before the Court on Plaintiff Mon Cheri's Motion for Reconsideration [199], and Defendant Wen Wu's Motion for Reconsideration [200]. The Court has decided these motions upon the submissions of the parties, without oral argument, pursuant to Fed. R. Civ. P. 78. For the reasons stated below, Plaintiff's motion is denied and Defendant's motion is denied.

BACKGROUND

    On April 15, 2004, Plaintiff Mon Cheri Bridals, Inc. ("Mon Cheri") filed a Complaint against Defendant Wen Wu and his companies ("Wu"), alleging trademark infringement, copyright infringement, unfair competition, and breach of contract. On March 24, 2008, after years of discovery and pretrial litigation, the trial commenced. At trial, Plaintiff limited its case to three claims: (1) breach of contract, (2) copyright infringement, and (3) passing off. On April 4, 2008, at the conclusion of the trial, a jury verdict was returned, in which the jury found that Defendant Wu breached its oral contract with Plaintiff, infringed twenty-nine (29) copyright

registrations covering nine (9) different Mon Cheri dress designs, and that it was liable for "passing off" under federal and state unfair competition laws. The jury awarded compensatory damages in the amount of $324,000, and punitive damages in the amount of $375,000, for a total award of $699,000. On April 23, 2008, the parties filed their post-trial motions. Plaintiff Mon Cheri filed a Motion for Attorney's Fees and Other Post-Trial Relief [173], Defendant filed a Motion for Judgment as a Matter of Law [174] and a Motion for a New Trial [175]. On July 31, 2008, the Court heard oral argument on the motions. On October 7, 2008, the Court issued its Opinion and Order [198] wherein it denied Defendant's Motion for a New Trial. The Court also denied in part and granted in part Defendant's Motion for Judgment as a Matter of Law. The Court entered judgment in favor of Plaintiff in the amount of $19,553.25 for costs and it further ordered that judgment against Defendant in the amount of $375,000 for punitive damages be stricken. On October 22, 2008, the parties filed these motions. For the reasons stated below, Plaintiff's motion is denied and Defendant's motion is denied.

DISCUSSION

A.    Standard of Review

A court will grant a motion for reconsideration only if the movant establishes: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not previously available; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). Under Local Civil Rule 7.1(i), a party making a motion for reconsideration must submit a "brief setting forth concisely the matter or controlling decisions which the party believes the Judge . . .

has overlooked." D.N.J. Civ. R. 7.1(i).  In other words, the movant may address only matters that were presented to the Court, but were not considered by the Court in making the decision at issue.  <u>United States v. Compaction Sys. Corp.</u>, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).  "[R]econsideration is an extraordinary remedy, that is granted very sparingly."  <u>Brackett v. Ashcroft</u>, No. 03-3988, 2003 U.S. Dist. LEXIS 21312, at *5 (D.N.J. Oct. 7, 2003).

<u>B</u>.	<u>Plaintiff's Motion for Reconsideration</u>

The Court incorporates herein its October 7, 2008 Memorandum and Order [198].  Specifically, the Court emphasizes that the claimed infringement related only to the somewhat elusive lace patterns and not to the dresses themselves.

Since the entry of the October 7, 2008 Order, Plaintiff has not directed this Court to any factual, statutory or precedential issue which persuades this Court to disturb its prior decision.  Furthermore, Plaintiff's motion fails to establish an intervening change in the controlling law; the availability of new evidence that was not previously available; or the need to correct a clear error of law or fact or to prevent manifest injustice pursuant to <u>N. River Ins. Co.</u>, 52 F.3d at 1218.  Accordingly, Plaintiff's Motion for Reconsideration is denied.

<u>C</u>.	<u>Defendant's Motion for Reconsideration</u>

As it does for Plaintiff's motion, the Court incorporates herein its October 7, 2008 Order [198].  Since the entry of that order, Defendant has not directed this Court to any factual, statutory or precedential issue which leads this Court to disturb its prior decision.  Furthermore, Defendant's motion fails to establish an intervening change in controlling law; the availability of new evidence that was not previously available; or the need to correct a clear error of law or fact or to prevent manifest injustice, as discussed above and articulated in <u>N. River Ins. Co.</u>, 52 F.3d

at 1218.  Accordingly, Defendant's Motion for Reconsideration is denied.

## CONCLUSION

For the reasons given above, and for good cause shown,

It is on this 18th day of December 2008,

ORDERED that Plaintiff Mon Cheri Bridals, Inc.'s Motion for Reconsideration [199] is DENIED; and it is further

ORDERED that Defendant Wen Wu's Motion for Reconsideration [200] is DENIED.

                                                 s/ Anne E. Thompson
                                       ANNE E. THOMPSON, U.S.D.J.